UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SILVA, | No. 2:18-cv-0017 DB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's complaint for screening and his motion to proceed in forma pauperis.

**I.  Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the requests to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

**IV.     Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a county inmate housed at Sacramento County Main Jail ("SCMJ") in Sacramento, California. He names as defendants Deputy Sheriff Hopeck, Deputy Sheriff Carpenter, Sheriff Scott Jones, Governor Jerry Brown, Sacramento County, and the California Department of Justice.

Plaintiff's allegations may be fairly summarized as follows:

On an unspecified date and without provocation, Deputy Hopeck injured plaintiff's left wrist and arm by grabbing and twisting the arm and hand to the point of severe injury. Deputy Carpenter then threw plaintiff to the ground and kicked him repeatedly in the ribs. Per plaintiff, it is Sheriff Scott Jones's policy to use excessive force.

Plaintiff also complains that his misdemeanor conviction for "Drunk in Public" is being incorrectly reported as a sex crime, causing him to suffer assaults and threats and being placed in protective custody in the jail with inmates who have in fact been convicted of various sex crimes. Governor Brown is responsible for this mistake because it was caused by his policies.

Plaintiff seeks damages and injunctive relief.

**V.     Discussion**

    **A.     Eighth Amendment Excessive Force**

"[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). When prison officials are accused of using excessive force in violation of the Eighth Amendment, the relevant inquiry is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320–21 (1986); Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). "Force does not amount to a constitutional violation ...if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very

purpose of causing harm.'" Clemente v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (quoting Whitley, 475 U.S. at 320–21.

Courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

Liberally construed, the allegations in the complaint are sufficient to state an Eighth Amendment excessive force claim against defendants Deputy Hopeck and Deputy Carpenter, who are each alleged to have severely assaulted plaintiff without provocation.

The allegations, however, are insufficient to impose liability on Sheriff Jones. A supervisory official is liable under § 1983 so long as "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Keates v. Koile, 883 F.3d 1228, 1242-43 (9th Cir. 2018) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). "The requisite causal connection can be established ... by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr, 652 F.3d at 1207-08 (internal quotation marks and citations omitted) (alterations in original). Thus, a supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Keates, 883 F.3d at 1243 (quoting Starr, 652 F.3d at 1208).

Plaintiff alleges that the excessive force he experienced is pursuant to a policy imposed by Sheriff Jones, but plaintiff does not allege either any personal involvement by Sheriff Jones or a

sufficient causal connection between his wrongful conduct and the violation of plaintiff's Eighth Amendment rights. Without any further facts, plaintiff's vague and conclusory allegations do not state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**B.  Due Process**

In general, prison inmates do not have a protected liberty interest in freedom from alleged classification errors where such errors do not cause the inmates to be subjected to "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The same principle applies to claimed due process violations arising from alleged falsification of prison documents. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) (discussing Sandin, 515 U.S. at 487 n.11) Further, in Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997), the United States Court of Appeals for the Ninth Circuit found that "[t]he classification of an inmate as a sex offender is precisely the type of 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' that the Supreme Court held created a protected liberty interest." Id. at 829 (quoting Sandin, 515 U.S. at 482). The Neal court held that "the stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections." Id. at 830.

Thus, to state a potentially colorable due process claim based on the allegedly improper classification as a sex offender, plaintiff must allege that the classification error caused him to be subjected to "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Plaintiff has adequately alleged that he has been subjected to assaults and threats as a result of the classification and has had to be housed in protective custody as a result. He does not, however, properly assert this claim against any defendant. While he claims that the classification error is a result of a policy allegedly promulgated by Governor Brown, this vague and conclusory allegation is insufficient to state a claim.

////

////

**C.     Entity Liability**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). "Persons" who may be sued under Section 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). Departments of municipal entities, however, are not "persons" subject to suit under Section 1983 and, therefore, a local law enforcement department is not a proper party. Vance, 928 F. Supp. at 996 ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

A county jail or a local police department is not a "person" subject to suit under Section 1983. See e.g., United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); Rodriguez v. Cty. of Contra Costa, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under Monell [v. Dep't of Social Servs., 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); Nelson v. Cty. of Sacramento, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," i.e., Sacramento County).

A local government is liable for an injury under § 1983 under three possible theories. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010), overruled on other grounds by Castro v. Cty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (*en banc*)). First, a local government may be liable if "execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Second, a local government can fail to train employees in a manner that amounts to "deliberate indifference" to a constitutional right, such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton v. Harris, 489 U.S. 378, 390 (1989). Third, a local government may be held liable if "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1097 (9th Cir. 2013) (internal quotation marks and citation omitted).

Plaintiff names Sacramento County but asserts no specific allegations as to it, rendering it impossible for the court to determine if plaintiff states a claim against this entity. Therefore, this defendant must be dismissed.

Additionally, while plaintiff names the Department of Justice, it is axiomatic that an arm of the state cannot be a defendant in an action under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

### D. Official Capacity Claims

While plaintiff has named several defendants and seeks, inter alia, damages, he is forewarned that "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelel v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Nonetheless, "[a] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).

## VI. Conclusion

For the reasons set forth above, the court finds that the only cognizable claims in the complaint are the Eighth Amendment excessive force claims against Deputy Hopeck and Deputy

7

Carpenter. The remaining claims are not cognizable as pled. The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment).

If plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims. The undersigned will then recommend that his remaining claims be dismissed, and the Court will provide plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendants Hopeck and Carpenter.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

////

8

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 3) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form;

4. Within thirty (30) days from the date of service of this order, plaintiff must:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; or

    c. Notify the Court in writing that he wishes to stand on his complaint as written; and

5. If plaintiff fails to comply with this order, the undersigned will recommend the action be dismissed for failure to obey a court order and failure to prosecute.

Dated: September 27, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7
DB/Inbox/Substantive/silv0017.scrn